IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CONSUMERS INSURANCE USA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  Case No. 1:21 CV 168 ACL |
| | ) |
| BRITTANY TREXLER, et al, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This declaratory judgment matter is before the Court on Defendants' Joint Motion to Dismiss.  (Doc. 13.)  The matter is fully briefed and ready for disposition.

**I.     Background**[1]

Consumers Insurance USA, Inc. ("Consumers") issued a policy of insurance to Hitt Automotive, LLC, with effective dates of coverage from March 24, 2016 to March 24, 2017 ("Policy").  The Policy excludes customers from the definition of "insured," unless the customer has no other available insurance or has other available insurance less than the compulsory or financial responsibility law limits.

On March 4, 2017, Brittany Trexler was a customer test driving a vehicle at Hitt Automotive when she was involved in an accident with Sean Monighan.  At the time, she had an insurance policy through Progressive Insurance.  Monighan filed an action against Trexler for alleged injuries sustained following the accident.

---

[1]The Court's summary of the facts is taken from the First Amended Complaint (Doc. 5), unless otherwise noted.

1

Consumers argued that the Policy did not provide coverage for the claims asserted by Trexler against Consumers, because Trexler was a customer with other available insurance through Progressive Insurance. Consumers acknowledges that Missouri's Vehicle Financial Responsibility Law requires an insurer to provide indemnity to a permissive driver up to the financial responsibility limits of $25,000. Consumers did not pay even the statutory amount of $25,000; instead, Consumers denied Trexler coverage on October 20, 2020. (Doc. 14 at 3.)

Monighan and Trexler entered into a contract under Mo. Rev. Stat. § 537.065[2] on March 25, 2021, and April 1, 2021, respectively, whereby Trexler agreed to assert a bad faith claim against Consumers in exchange for limiting her liability towards Monighan. On July 9, 2021, the parties engaged in an uncontested arbitration process, which resulted in an Arbitration Award. The Arbitration Award found Trexler at fault for Monighan's injuries and awarded Monighan $4,250,000 for his past and future damages.

On August 12, 2021, Monighan filed an application to confirm the arbitration award pursuant to Mo. Rev. Stat. § 435.400 in the Circuit Court of Cape Girardeau County, Missouri. Consumers attempted to intervene in that proceeding to set aside the arbitration award and relitigate Trexler's liability to Monighan. The Missouri court initially allowed Consumers to intervene, but subsequently denied the motion after hearing argument from the parties. On

---

[2] This section provides in relevant part as follows:
Any person having an unliquidated claim for damages against a tort-feasor, on account of bodily injuries or death, may enter into a contract with such tort-feasor or any insurer in his behalf or both, whereby, in consideration of the payment of a specified amount, the person asserting the claim agrees that in the event of a judgment against the tort-feasor, neither he nor any person, firm or corporation claiming by or through him will levy execution, by garnishment or as otherwise provided by law, except against the specific assets listed in the contract and except against any insurer which insures the legal liability of the tort-feasor for such damage and which insurer is not excepted from execution, garnishment or other legal procedure by such contract. Execution or garnishment proceedings in aid thereof shall lie only as to assets of the tort-feasor specifically mentioned in the contract or the insurer or insurers not excluded in such contract.

2

January 11, 2022, the court confirmed the Arbitration Award and entered Judgment on Arbitration Award in Favor of Plaintiff Sean Monighan and Against Defendant Brittany Trexler. Missouri law required Monighan to wait thirty days from the date of the judgment before filing an equitable garnishment proceeding against Consumers and Trexler.  *See* Mo. Rev. Stat. § 379.200.

Consumers initiated this action for declaratory judgment against Defendants Brittany Trexler and Sean Monighan on November 16, 2021.  (Doc. 1.)  Consumers filed its Amended Complaint for Declaratory Judgment ("Complaint") on January 20, 2022.  (Doc. 5.)  In Count I, Consumers seeks a declaration that Trexler is not an "insured" under the Policy and, as such, Consumers is only required to indemnify Trexler for $25,000 based upon Missouri's Vehicle Financial Responsibility Law.  In Count II, Consumers seeks a declaration that Consumers cannot be in bad faith because Consumers and Trexler did not have a contractual relationship and Consumers did not have a duty to defend, settle, or control the litigation.

On February 18, 2022, Monighan filed his state law equitable garnishment suit against Trexler and Consumers.  (Doc. 15, p. 1-6.)  Trexler has asserted Missouri state law cross claims for bad faith.  (Doc. 15-1 at 1-24)

Defendants Trexler and Monighan filed the instant Joint Motion to Dismiss on February 28, 2022.  Defendants argue that the Court should dismiss this action in favor of the "parallel" state court equitable garnishment/bad faith action.  Consumers opposes the Motion.

**II.      Legal Standard**

Under the Declaratory Judgment Act, a court "may declare the rights and other legal relations of any interested party seeking such declaration[.]"  28 U.S.C. § 2201.  It is well-established that "district courts possess discretion in determining whether and when to entertain

3

an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942)).

The Supreme Court held in *Wilton* that the standard under which district courts decide whether to dismiss or stay a federal declaratory judgment action in favor of a parallel state court proceeding is the discretionary standard set forth in *Brillhart*. *Wilton*, 515 U.S. at 282; *see also Royal Indem Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008) ("[I]n a declaratory judgment action, a federal court has broad discretion to abstain from exercising jurisdiction."); *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005).  Under *Brillhart*, "[t]he key consideration for the district court is "'to ascertain whether the issues in controversy between the parties to the federal action ... can be better settled by the state court' in light of the 'scope and nature of the pending state court proceeding.'" *Evanston Ins. Co. v. Johns*, 530 F.3d 710, 713 (8th Cir. 2008) (quoting *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000)).  If a district court finds the cases are parallel and that the issues in the federal action can be better settled by the state court, the district court must abstain "because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" *Capitol Indem. Corp.*, 218 F.3d at 874-75 (citing *Brillhart,* 316 U.S. at 495).

### III. Discussion

Defendants assert that this action and the state action are parallel because the parties and claims are the same, the claims are premised on the same issues, and there are no issues of

4

federal law.  Defendants argue the Court should exercise its discretion under the *Wilton/Brillhart* abstention doctrine to dismiss this action in favor of the state action.

Consumers responds that the federal and state proceedings are not parallel to one another, as they involve substantially different parties and issues.  Consumers argues that the Court should apply the six-factor test set forth in *Scottsdale*, which weighs against dismissal.

### A.  Parallel Proceedings

As a threshold matter, the Court must determine whether there is a state court proceeding parallel to this action such that the Court has broad discretion to abstain from hearing the case.  If parallel proceedings exist, then the Court must determine whether it should refrain from hearing the federal case.

Consumers argues that the proceedings are not parallel, as they involve different parties and different issues.  Consumers notes that, in the Circuit Court of Cape Girardeau County, Monighan has filed a Petition for Equitable Garnishment against Consumers and Trexler; whereas Consumers' federal action names Monighan and Trexler as defendants.

Suits are parallel if "substantially the same parties litigate substantially the same issues in different forums."  *Scottsdale*, 426 F.3d at 997.  Here, the parties in the federal and state cases are the same: Consumers, Monighan, and Trexler.  The fact that the parties are aligned differently in the two actions is not a relevant consideration.  *See Maritz v. Starek,* No. 4:05-CV-2093-JCH, 2006WL1026925, at *6 (E.D. Mo. April 18, 2006) ("[W]here every party to [the federal] suit is also a party to the state court suit, the parties are substantially the same.") Accordingly, the parties in both cases are the same.

Whether to abstain turns on whether the parties are litigating substantially the same issues, governed by state law, in the federal and state cases.  *Brillhart*, 316 U.S. at 495;

5

*Scottsdale*, 426 F.3d at 997; *Royal Indem. Co.*, 511 F.3d at 793 (finding that a district court should decline to exercise jurisdiction only in cases where the pending state court proceeding "presents the same issues"). The Court next evaluates "whether the claims of all parties in interest can satisfactorily be adjudicated" in the state proceeding. *Royal Indem. Co.*, 511 F.3d at 793 (quoting *Brillhart*, 316 U.S. at 495). If so, the parties are litigating substantially the same issues. *Brillhart*, 316 U.S. at 495; *Royal Indem. Co.*, 511 F.3d at 793.

Here, the state court equitable garnishment/bad faith action and the instant action both require a determination of the parties' rights and responsibilities under the Policy. The claims raised in the instant declaratory judgment action are defenses to the garnishment and bad faith claims. All of the defenses Consumers raises in this action are available to it in the state action. Further, all of the issues raised in this action are based on Missouri law. Thus, the Court finds that the state court action and the instant action are parallel.

**B.  Abstention**

Having found that the state court action and the instant action are parallel, the Court proceeds to determine whether to exercise jurisdiction over this action or to abstain in favor of the equitable garnishment action under the *Wilton/Brillhart* doctrine. Because *Scottsdale* addressed the extent of a federal court's discretion to abstain from jurisdiction over a declaratory judgment action *in the absence of parallel state proceedings*, the Court need not apply the *Scottsdale* six-factor test. *See Scottsdale*, 426 F.3d at 997-98.

In *Brillhart*, the Supreme Court held it was not an abuse of discretion for the district court to decline jurisdiction over a declaratory judgment action on insurance coverage in the face of a pending state court garnishment action. 316 U.S. at 494. The Supreme Court revisited the issue of abstention from declaratory judgment actions in *Wilton,* 515 U.S. at 290. The Court held,

6

where there are parallel state court proceedings, "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Id.* at 288.

After *Brillhart* and *Wilton*, the Eighth Circuit has consistently affirmed a district court's choice to stay or abstain from declaratory judgment actions in the face of parallel state court proceedings. *See, e.g., Horne v. Firemen's Ret. Sys. of St. Louis*, 69 F.3d 233, 236 (8th Cir. 1995); *Royal Indem. Co.*, 511 F.3d at 796.

"[T]he normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton,* 515 U.S. at 288.  The principle of "wise judicial administration" weighs in favor of declining to exercise discretionary jurisdiction over this action.  Because this action and the equitable garnishment/bad faith action are parallel, allowing both actions to proceed runs the risk of inconsistent rulings and would be uneconomical and vexatious for the parties and a waste of judicial resources.  Further, the interpretation and application of the Policy is purely a matter of state law and there are no federal defenses or claims.  Additionally, this case is in its infancy, as Defendants filed the instant Motion to Dismiss only approximately a month after the filing of the Amended Complaint and prior to the completion of any discovery.  A scheduling conference has not yet been held, nor has a Case Management Order been issued.

Consumers suggests that the Court should not abstain from exercising jurisdiction, because it filed this federal declaratory judgment action before Monighan filed the state equitable garnishment action.  Federal courts routinely abstain, however, regardless of whether the federal action was filed first.  *See Wilton*, 515 U.S. at 280 (affirming abstention, even though federal action was filed first); *Capitol Indem.*, 218 F.3d at 875 (holding that district court should have

7

abstained, even though federal action was filed first); *see also W. Heritage Ins. Co. v. Sunset Sec., Inc.*, 63 Fed.Appx. 965, 967 (8th Cir. 2003) ("Further, we note we have previously concluded that abstention was required even when the declaratory judgment action was filed months before the state-court action."). The Court further notes that Monighan filed his garnishment action as soon as Missouri law permitted him to do so, and only approximately one month after Consumers filed its Amended Complaint in this action.

The Court also rejects Consumers' unsupported argument that it will be susceptible to local bias in state court. Specifically, Consumers argues that the parties in the state action are completely diverse, but Consumers is unable to remove the action to federal court because Trexler will not consent to removal. This concern is unfounded and is not a proper factor in determining whether abstention is appropriate. Additionally, Trexler is a diverse defendant as well, so any considerations of local bias would apply equally to her.

The Court concludes that the parties' disputes can be better settled by the state court in light of the "scope and nature of the pending state court proceeding," *see Capitol Indemnity,* 218 F.3d at 874, and therefore abstention is warranted. The Court further concludes that this case should be stayed rather than dismissed. "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton,* 515 U.S. at 288 n. 2.

**IV. Conclusion**

For the foregoing reasons, the Court concludes in the exercise of its discretion that the issues raised by this action would be better addressed in the equitable garnishment/bad faith

action pending in state court. As a result, the Court will grant Defendants' motion to dismiss to the extent it will stay this action in favor of the state action.

Accordingly,

**IS HEREBY ORDERED** that Defendants' Joint Motion to Dismiss (Doc. 13) **is granted** to the extent the Court will abstain from this case, and the matter is hereby **STAYED.**

                                         s/*Abbie Crites-Leoni*
                                         ABBIE CRITES-LEONI
                                         UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of August, 2022.